Allensworth *v.* Moore.

*S. Whicher*, for plaintiff in error.

*Wm. G. Woodward*, for defendant.

———◦ ◦ ◦———

ALLENSWORTH *v.* MOORE.

A note made payable to D. or *bearer* is transferred to the holder by delivery, and possession is *prima facie* evidence of ownership.

When M., as holder of a $100 note, payable to bearer, gave a receipt for it in Kentucky for $53 50, "to be paid when the note becomes due;" held that such receipt would not preclude M. from maintaining an action in his own name, on said note.

ERROR *to Linn District Court.*

*Opinion by* KINNEY, J. Moore sued Allensworth in assumpsit. The defendant pleaded the general issue. The cause was submitted to the court, and judgment rendered for Moore. Allensworth excepted to the ruling and judgment of the court, and embodied the following facts in his

bill of exceptions. His note introduced as evidence by the plaintiff below reads thus:

"For value received I promise to pay to Aaron Dow, or bearer, one hundred dollars, on or before the 25th of December, one thousand eight hundred and forty-nine, with ten per cent. interest, from the 28th of December, eighteen hundred and forty-seven.          JAMES ALLENSWORTH.
July 13th, 1847."

After introducing this note the plaintiff rested. The defendent then introduced the deposition of one Saucer, in which he swears that he was once the holder of the note, and that he let Samuel Moore have it in security for fifty-three dollars and fifty cents; that Moore gave him a receipt which was then in the possession of James Allensworth. The receipt deponent transferred to Aaron Dow in July, 1849. The defendant then introduced the following receipt, being the one referred to by Saucer in his deposition:

"Received of Theodore Saucer a note for one hundred dollars, due on the 25th day of December, 1849, on James Allensworth, in Linn county, Iowa, in security for fifty-three dollars and fifty cents; to be paid over to Samuel Moore when the note becomes due.          SAMUEL MOORE.
Dubuque, April 10th, 1849."

Upon this evidence the court rendered judgment for the plaintiff for the amount of the note and interest. The defendant then filed a motion for a new trial, and in arrest of judgment, which was overruled.

The errors assigned are, that the court erred in overruling this motion, and that judgment should have been rendered for the defendant instead of the plaintiff.

We do not think there is any error in the judgment of the court. The note having been made payable to Dow or

bearer, passed by mere delivery, and being found in possession of Moore, the law presumes him to be the proper and legal owner thereof. This presumption the defendant must rebut in order to defeat the action. He may do this by showing that the title to the note was not in Moore, or that he had not a substantial interest in it, as on such showing a judgment of nonsuit would be proper, as without such title or interest he could not maintain a suit in his own name. For this purpose the deposition of Saucer is introduced, by which it appears that he once owned the note and let Moore have it in security for fifty-three dollars and fifty cents. Saucer also swears that he had transferred the receipt to one Aaron Dow, and that it was then in the possession of Allensworth. It might be doubtful from this testimony whether Moore had such an interest in the note as would enable him to maintain a suit in his own name, for it would appear that the note was intended more as a pledge, than that any interest in it was absolutely transferred. But the receipt in the possession of the defendant, we think, clearly repels all such inference or conclusion. We cannot place any other rational construction on the language of the receipt, than that the money, when the note should become due, was to be paid over to Moore by the payor. Moore had an absolute property in the note to the amount of $53,50, and the right to receive the whole amount. According to the authorities, the note being payable to the bearer, and being in the possession of Moore, and he owning not an equitable but a legal interest in the note, he would be enabled to maintain a suit in his own name against the maker. The evidence then of the defendant, instead of rebutting the presumption of title in Moore, at most, only shows that he did not in the first instance own the entire note. Dow, to whom Saucer had transferred the receipt, does not claim to have any interest in the note, and for aught that appears, Moore may have purchased this interest of Dow, and at the time of the commencement of the suit, the title to the

---

entire note may have been in him. This view of the case is strenghtened by the fact that it does not appear that the receipt was ever transferred or assigned to Allensworth. The presumption of law then being in favor of Moore, and that at least the legal interest in the note belonged to him, and the evidence not being sufficient to defeat an action in his name, the court did not err in rendering judgment for the plaintiff.

*Wm. Smyth* and *J. D. Templin,* for plaintiff in error.

*I. M. Preston,* for defendant.